UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DEMPSEY E. CLOMAN<br>AKA DEMPSY CLOMAN<br>VS.<br><br>WARDEN HARVEY GRIMMER, ET AL | CIVIL ACTION NO. 06-0289<br><br>SECTION P<br><br>JUDGE JAMES<br>MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION WITH RULING AND ORDER ON ATTORNEY APPOINTMENT REQUEST

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on February 17, 2006, by *pro se* plaintiff Dempsey E. Cloman. Cloman is a federal prisoner who pled guilty to interstate transportation of firearms by a convicted felon [18 U.S.C. §922(g)(1)] on November 29, 2005, and now awaits sentencing on that conviction. See *United States of America v. Dempsey Cloman*, No. 3:04-cr-30005. He is presently incarcerated at the Richland Parish Detention Center (RPDC) in Rayville, Louisiana, but he complains of an incident that occurred in June, 2005 while he was a federal pre-trial detainee at the West Carroll Parish Detention Center (WCDC) in Epps, Louisiana. He names WCDC Warden Harvey Grimmer, Assistant Warden Barbara Russell, Major Hegman, Captain Parker, Sergeant Johnson, Corrections Officer Humes and Nurse Bobbie Wise as his defendants. He prays for an unspecified amount of compensatory damages for being placed in danger, for pain and suffering, and for medical treatment for his eyes. He also moves for appointment of counsel to represent him herein.

This matter has been referred to the undersigned for review report and recommendation in

1

accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

## STATEMENT OF THE CASE

On or about June 12, 2005, plaintiff was a federal pre-trial detainee in the legal custody of the United States Marshals Service (USMS). He was detained at the WCDC and working as a trustee in the kitchen despite explicit orders from the USMS that he was not allowed to do such work. On that date, a Louisiana Department of Public Safety and Corrections inmate named Cotton threw hot coffee in plaintiff's eyes. Plaintiff and Cotton then engaged in a fight. When order was restored, plaintiff requested medical attention. He was taken to a clinic approximately one month later for an examination. Eye drops were prescribed.

On some unspecified day thereafter, plaintiff complained of vision problems and requested an examination by a physician. His request was refused. He requested that he be allowed to file a formal administrative remedies procedure (ARP) grievance and he was placed in lock-down.

On October 5, 2005, plaintiff submitted an "Inmate Inquiry Form" to Warden Barbara Russell. He requested an examination by an eye doctor and suggested that the reason his request was being denied was because the administration erred in allowing him to work in the kitchen in the first place. Warden Russell responded, "The federal marshal has to approve for you to go to a hospital. You have been told this by the Nurse. You were not put in the kitchen. You asked for the job." [doc. 1-1, p. 7]

He also claims that he asked the nurse to schedule an appointment with a physician and

that his request was denied. He claims that his vision is blurred and he is in pain.

## LAW AND ANALYSIS

1. Appointment of Counsel

In his complaint, Plaintiff seeks court-appointed counsel to assist him in the prosecution of his civil rights claims. [See doc. 1-1, p. 6] Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff.

In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of

the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

In his civil rights complaint, plaintiff alleges that he was injured by an inmate and denied adequate medical care. These claims are typical of those often asserted in civil rights litigation and are not complex. Finally, plaintiff has failed to demonstrate that he has attempted to procure counsel on his behalf.

Accordingly, plaintiff's request for appointment of counsel is hereby **DENIED** because the allegations contained in the complaint do not demonstrate "exceptional circumstances" which would warrant the appointment of counsel, and because plaintiff has failed to demonstrate any effort to secure counsel on his own behalf.

## 2. Frivolity Review

When a prisoner[1] sues an officer or employee of a governmental entity pursuant to

---

[1] The term "prisoner" as used in both §1915 and §1915A means "... any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §1915(h), 28 U.S.C. §1915A(c). Plaintiff was a pre-trial detainee when the events complained of occurred; he was a convicted federal prisoner when he filed suit. In either case, initial review under the provisions of these statutes is appropriate.

42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given

yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, his amended complaint and the copies of his ARP Grievances specifically detail his theories of liability with respect to each named defendant. The thoroughness of the complaint convinces the court that plaintiff has pled his best case and need not be afforded any further opportunity to amend.

Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint as frivolous.

### 3. Failure to Protect

Plaintiff faults the defendants for failing to protect him from LDOC inmate Cotton.

The law in this area is well settled. Jail "officials have a [constitutional] duty ... to protect inmates from violence at the hands of other prisoners." *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995); see also *Johnston v. Lucas*, 786 F.2d 1254, 1258 (5th Cir.1986). Detainees and convicts look to different constitutional provisions for their respective rights to appropriate medical care and safety. The constitutional rights of convicted prisoners are based on the Eighth Amendment's prohibition against cruel and unusual punishment. The constitutional rights of pre-trial detainees, such as the plaintiff, flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996). A pretrial detainee is a person who has been charged with a crime but has not yet been tried (or, as in this case, sentenced). *Bell v. Wolfish*, 441 U.S. 520, 523, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) As such, he is presumed innocent and therefore cannot be punished. *Bell*,

6

441 U.S. at 535 and, 537 n. 16. A detainee's due process rights are substantially equivalent to the Eighth Amendment protections available to s convicted prisoner. *Hare,* 74 F.3d at 639.

To establish a §1983 failure to protect claim plaintiff must show that he was detained or incarcerated "... under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F .3d 530, 533 (5th Cir.1995). Prison officials are not subject to liability under §1983 for acts or omissions of their subordinates on the basis of *respondeat superior*. *Mouille v. City of Live Oak*, 977 F .2d 924, 929 (5th Cir.1992). Prison officials may be found liable in their individual capacities for denying humane conditions of confinement to the inmates in their charge, but only if it is shown that they were aware of facts from which the inference could be drawn that a substantial risk of harm existed, and, that the official actually drew the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Downey v. Denton County*, 119 F.3d 381, 385 (5th Cir.1997).

The defendants may be held liable for episodic acts or omissions only if it can be shown that they had actual subjective knowledge of a substantial risk of harm to their detainee, but responded with deliberate indifference to that risk. *Hare*, 74 F.3d at 650; *Payne v. Collins*, 986 F.Supp. 1036, 1952 (E.D.Tex.1997).

Plaintiff makes no such showing. Instead, he contends that the "cause in fact" of his injury was the assistant warden's violation of an alleged USMS policy which prohibits federal pre-trial detainees from working as trustees. At best, plaintiff has shown negligence on the part of Assistant Warden Russell and, "'[i]t is obduracy and wantonness, not inadvertence or error in good faith,'" that characterize deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 299, 111

7

S.Ct. 2321, 115 L.Ed.2d 271 (1991)(citing *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). Thus, the legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). In *Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.C. 1625, 1632 n. 8, 75 L.Ed.2d 632 (1983), the Court approved the following definition of wanton – "'Wanton means reckless – without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 *American and English Encyclopedia of Law,* 2-4 (2d ed. 905) (footnotes omitted)."

Nothing in plaintiff's complaint suggests that the defendants were guilty of wanton conduct amounting to deliberate indifference. Nothing suggests that the defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. Even assuming that the defendants were aware of such facts, nothing suggests that they actually drew such an inference.

As shown above, plaintiff's complaint, construed liberally, alleges negligence on the part of the defendants. However, in order to state a viable claim under §1983, "a plaintiff must ... prove that the alleged constitutional deprivation was <u>not</u> the result of <u>mere negligence</u>." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) since "[t]he negligent deprivation of life, liberty or property is not a constitutional violation." *Campbell v. City of San*

8

*Antonio*, 43 F.3d 973, 977 (5th Cir.1995). Plaintiff has, at best, shown negligence and therefore his failure to protect claim must be dismissed as frivolous.

### 4. Medical Care

Plaintiff's medical care claim must also be analyzed under the "deliberate indifference" standard. See *Hare v. City of Corinth*, 135 F.3d 320, 324-26 (5th Cir.1996) (citing to the court's *en banc* decision at 74 F.3d 633, 643 (5th Cir.1996)) (Under the Fourteenth Amendment, an official's act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights.)

Plaintiff can establish an actionable constitutional violation only if he alleges facts tending to establish that the defendants were <u>deliberately indifferent</u> to his serious medical needs. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). Plaintiff has not made such a showing. Here, the facts alleged clearly fail to establish the defendants' deliberate indifference to plaintiff's medical needs. On the contrary, the plaintiff admits that the defendants brought him to a clinic within one month of his June, 2005 injury. [doc. 1-1, paragraph IV] Further, the record establishes that he did not request further medical attention until October, 2005, when he submitted the Inmate Inquiry Form to Assistant Warden Russell. Finally, the record establishes that Russell clearly advised plaintiff that the decision on whether he should be further examined by a physician was a decision that only the USMS could make. [doc. 1-1, p. 7] Such acts simply do not establish deliberate indifference.

"[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not, is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). Moreover, "deliberate indifference cannot

9

be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Accordingly,

**IT IS ORDERED** that plaintiff's request for appointment of counsel [Doc. 1-1, p. 6] be **DENIED;** and,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

*Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 5th day of May, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE